UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: |
| | § | |
| PHILLIP 66 COMPANY | § | JURY DEMAND |
| | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

## INTRODUCTION

1. This is an action for redress of unlawful conduct committed by the Defendant in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. 2000(e) et. seq. and Age Discrimination in Employment Act (ADEA) of 1967. The Plaintiff requests a trial by jury of all issues so triable to a jury.

## JURISDICTION

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 29 U.S.C. §2617, 42 U.S.C. 12117 and 42 U.S.C. 2000e-5(f)(3).

3. PHILLIP 66 COMPANY ("Defendant") employed the Plaintiff in Contra Costa County, California where the events or omissions giving rise to the Plaintiff's claims occurred. Plaintiff is domiciled in Mobile County, Alabama; Therefore, venue in the Southern District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4. At all relevant times herein, the Plaintiff, Shawn Mitchell (hereinafter "Plaintiff" or "Mr. Mitchell") has been an Alabama resident, over age 19, and was an employee for purposes of Title VII, 42 U.S.C. 2000(e).

5. PHILLIP 66 Company is a foreign corporation and does business in Mobile County, Alabama. It employs more than 15 people and is considered an employer for all purposes herein.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission on June 3, 2021. The EEOC Dismissal and Notice of Rights was issued on June 15, 2021 and it was received by the Plaintiff. This Complaint is filed within ninety (90) days of Plaintiff's receipt of his Notice of Rights.

## STATEMENT OF FACTS

7. Shawn Mitchell is an African American Male.

8. Shawn Mitchell is Forty-two years old.

9. Mr. Mitchell began work for the Defendant, PHILLIP 66 Company, around November 2020 as a Truck Driver, working full-time; however, on or about February 16, 2021, Mr. Mitchell was transferred to another PHILLIP 66 Company Plant in Richmond, California.

10. On or about February 16, 2021, Mr. Mitchell, while driving a company truck, bumped into a guard rail. There was no major damage to the vehicle and no injuries.

11. Subsequently, after bumping into the guard rail, Mr. Mitchell was ordered by Defendant to complete a drug screen, which all screens were negative for any substances.

12. There were other employees, namely younger Caucasian Truck Drivers, that had same or similar accidents and were not being furloughed or reassigned but were allowed to return to work at their same workspace on the same day.

13. Two, Caucasian, males, John Garcia, possibly around age thirty-eight (38), and Robert Kirk, possibly around forty-five (45) years old, operated a PHILLIP 66 Company truck and both had similar accidents.

14. Mr. Mitchell's colleague, Robert Kirk, is a Caucasian male who is younger than Plaintiff and Plaintiff was treated significantly different according to his age and race. The ADEA provides, in relevant part, that it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (quoting 29 U.S.C. § 623(a)(1)).

15. Robert Kirk had a trucking accident prior to Mr. Mitchell's accident on February 16, 2021, while employed at PHILLIP 66 Company and was ordered to complete a drug screen. Mr. Robert Kirk returned to his same workspace the same day and was not reassigned or furloughed to another plant.

16. Mr. John Garcia, who is possibly younger than Plaintiff and Plaintiff was treated significantly different according to his age and race. The ADEA provides, in relevant part, that it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (quoting 29 U.S.C. § 623(a)(1)).

17. Mr. Mitchell's colleague, John Garcia, is a Caucasian male, who had an accident subsequently a few days after Mr. Mitchell's accident on February 16, 2021 and was ordered to complete a drug screen. Mr. Garcia was allowed to return to his same workspace on the same day and was not reassigned or furloughed to another plant.

18. Following Mr. Mitchell's accident, he contends that because he tested negative for all substances, he would return back to his same workspace, but was informed by his immediate supervisor/ Ancon Safety Officer, James, that he would be reassigned to Chevron in Richmond, California.

19. Mr. Mitchell contends that he was told by Immediate Supervisor/Ancon Safety Officer, James, that Phillip 66 Company Safety Officer, Dan Traverro, did not want Mr. Mitchell to return, following the accident and drug testing; however, all drug screens were negative.

20. Plaintiff contends that throughout his employment, his Caucasian colleagues were given preference over him, as well as younger truck drivers. The ADEA provides, that it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009) (quoting 29 U.S.C. § 623(a)(1). To qualify for the ADEA's protections, the plaintiff must have been at least forty years old at the time of the alleged discrimination. 29 U.S.C. § 631(a).

21. Plaintiff is forty-two (42) years old and was replaced by younger and Caucasian drivers.

22. Mr. Mitchell was terminated based on his age and race.

## COUNT ONE
## TITLE VII – RACE DISCRIMINATION

23. Plaintiff realleges and incorporates by reference the factual allegations in paragraphs 1-22 above as if fully stated herein.

24. Title VII states that "no employer shall fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

25. The Defendant, through Safety Officers Dan Traverro and James (LNU), engaged in unlawful racial discrimination and violated Title VII as follows: (1) By allowing Caucasian employees to continue to work their regular schedules/ work place while forcing Mr. Mitchell to work new schedules and being reassigned and furloughed to another plant; (2) By allowing Caucasian employees to continue to work their same job assignments while forcing Mr. Mitchell, an African American, to be reassigned, based upon a same or similar accident/ circumstances.

26. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has been caused to suffer damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss as well as severe emotional and mental distress, anguish, humiliation, embarrassment and anxiety.

27. Defendant's conduct was willful, malicious, intentional and in conscious disregard of Plaintiff's rights and the law and therefore justifies an award of punitive and exemplary damages in an amount to be determined at trial.

28. As a result of the Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by law.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. 2000(e) et. seq.

## COUNT TWO
## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

29. Plaintiff realleges and incorporates by reference the factual allegations in paragraphs 1-28 above as if fully stated herein.

30. Plaintiff contents that there were other employees, namely younger and Caucasian Truck Drivers, that had same or similar accidents and were not being furloughed or reassigned but were allowed to return to work at the same plant on the same day.

31. Mr. Mitchell's colleague, Robert Kirk, is a Caucasian male who is younger than Plaintiff and Plaintiff was treated significantly different according to his age and race. The ADEA provides, in relevant part, that it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (quoting 29 U.S.C. § 623(a)(1)).

32. Robert Kirk had a trucking accident prior to Mr. Mitchell's accident on February 16, 2021, while employed at PHILLIP 66 Company and was ordered to complete a drug screen. Mr. Robert Kirk returned to work the same day and was not reassigned or furloughed to another plant.

33. Mr. John Garcia, who is possibly younger than Plaintiff and Plaintiff was treated significantly different according to his age and race. The ADEA provides, in relevant part, that it

shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009) (quoting 29 U.S.C. § 623(a)(1)).

34.     Mr. Mitchell's colleague, John Garcia, is a Caucasian male, who had an accident subsequently a few days after Mr. Mitchell's accident on February 16, 2021 and was ordered to complete a drug screen. Mr. Garcia was allowed to return to work on the same day and was not reassigned or furloughed to another plant.

35.     Following Mr. Mitchell's accident, he was informed by PHILLIP 66 Company that he would be reassigned to Chevron in Richmond, California.

36.     As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has been caused to suffer damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss as well as severe emotional and mental distress, anguish, humiliation, embarrassment, and anxiety.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such damages which are allowed by law to redress the wrong committed in violation of Age Discrimination in Employment Act (ADEA).

## EQUITABLE PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, in addition to the above claimed legal remedies also prays for a declaratory judgment holding that the actions of the Employer, described above, violated the rights of the Plaintiff as secured by the respective federal statutes and that a permanent injunction

enjoining the Employer, its agents, affiliates, successors, employees, attorneys and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

Respectfully submitted this 13th day of September, 2021.

/s/ Ashley N. Bell
Ashley N. Bell (ASB-6772-l71s)
A Bell Law Firm, LLC
950 22nd Street N. Suite 825
Birmingham, Alabama 35203
Tel:   (251) 454-0079 (Cellular)
       (205) 882-7571 (Office)
Fax:   (205) 882-7573

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

/s/ Ashley N. Bell
Ashley N. Bell

**SERVE DEFENDANT AT:**

PHILLIP 66 COMPANY
1380 SAN PABLO
RODEO REFINERY
RODEO, CALIFORNIA 94572

PHILLIPS 66
P.O. BOX 421959
HOUSTON, TX 77242-1959