**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SHAWN MITCHELL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **CIV. ACT. NO. 1:21-cv-396-TFM-MU** |
| | ) |
| **PHILLIPS 66 COMPANY, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION & ORDER

Pending before the Court are *Defendant Phillips 66 Company's Motion to Dismiss* (Doc. 25, filed 06/24/22) and *Defendant Ancon Services' Motion to Dismiss* (Doc. 39, filed 09/27/22). Plaintiff filed responses and Defendants filed replies.  Docs. 32, 33, 47, 50.  Pursuant to Fed. R. Civ. P. 12(b)(3), both Defendants move the Court to dismiss the claims brought against them by Plaintiff.  Defendant Ancon Services also moves the Court to dismiss the claims brought against it pursuant to Rule 12(b)(6).  For the reasons detailed below, the motions are denied as to the request to dismiss this action under Rule 12(b)(3), but the Court will exercise its discretion to transfer this case to United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1406.  Further, Ancon Services' motion to dismiss under Rule 12(b)(6) remains pending for the determination of the gaining court.

## I.  BACKGROUND

On September 13, 2021, Plaintiff Shawn Mitchell ("Plaintiff") originally filed his Complaint with this Court.  Doc. 1.  On June 13, 2022, with permission from the Court, Plaintiff

filed an Amended Complaint.  Doc. 22.[1]  Plaintiff's Second Amended Complaint asserts claims of

race discrimination under Title VII, 42 U.S.C. § 2000(e) et. seq. and 42 U.S.C. § 1981, and age

discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a).

Plaintiff states he is a 42-year-old African American who began working for Phillips 66 Company

("Phillips") and Ancon Services ("Ancon") in November 2020 as a truck driver in Contra Costa

County, California.  Doc. 22 at 3, Doc. 32 at 2.  He further alleges that, following a minor accident

where he bumped into a guardrail, he was transferred a different Phillips' plant in Richmond,

California, whereas his younger, Caucasian colleagues were not transferred after being involved

in similar incidents.  Doc. 22 at 3.

On June 24, 2022, Phillips filed the instant motion to dismiss.  Doc. 25.  On September 27,

2022, Ancon filed its motion to dismiss.  Doc. 39.  Plaintiff timely filed his responses and

Defendants timely filed their respective replies.  Docs. 32, 33, 47, 50.  The motions to dismiss are

fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(3) – Improper Venue

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may assert a

defense of improper venue by motion.  Pursuant to § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
>     of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving
>     rise to the claim occurred, or a substantial part of property that is the subject of
>     the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided

---

[1] Plaintiff filed his First Amended Complaint on May 9, 2022.  *See* Doc. 11.  Document 22 is
Plaintiff's Second Amended Complaint.

> in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff carries the burden of showing that venue is proper in the chosen forum once the defendant contests venue under Fed. R. Civ. P. 12(b)(3). *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1174 (M.D. Ala. 2010).

When reviewing a challenge to venue, the court accepts the allegations of the complaint "as true, to the extent they are uncontroverted by defendants' affidavits." *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *see also Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (stating the same). The Court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695 F.3d at 1239.

## B. Federal Rule of Civil Procedure Rule 12(b)(6) – Failure to State a Claim

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127

S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231

(11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## III.    DISCUSSION AND ANALYSIS

**A.    Venue**

Generally, courts look to 28 U.S.C. § 1391(b) for proper venue.  However, Title VII has its own venue provision that supersedes § 1391.  *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases.").  Title VII's venue provision states:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The general venue statute usually applies to ADEA & § 1981 claims.  *See Rebar v. Marsh*, 959 F.2d 216, 216 (11th Cir. 1992) ("Since there is no venue provision in the Age Discrimination in Employment Act itself, we hold that the general venue statute applies."); *Smalls v. Arising Indus.*, Civ. Act. No. 1:17-cv-2814-WSD, 2017 U.S. Dist. LEXIS 118944, 2017 WL 3206628 (N.D. Ga. July 28, 2017) (applying the general venue statute to Plaintiff's § 1981 claim).  However, when such claims are brought in the same suit as a Title VII claim, the Title VII venue provision controls.  *Pinson*, 192 F. App'x at 817; *see also Larkin v. Mayorkas*, Civ. Act. No. 1:21-cv-4495-

SDG-JSA, 2022 U.S. Dist. LEXIS 161236, 2022 WL 4009897, at *4 (N.D. Ga. June 2, 2022) ("ADEA claims are governed by the general venue provision of 28 U.S.C. § 1391, but where, as here Title VII and ADEA claims are asserted simultaneously, the Title VII venue provision controls.").

Plaintiff argues that venue is proper in the Southern District of Alabama because Plaintiff is domiciled in Mobile County, Alabama and that a claim brought pursuant to 42 U.S.C. § 1981 has venue determined based upon 28 U.S.C. § 1391. Plaintiff also argues that "Both Phillip 66 and ANCON Services has availed themselves to Alabama, based on their contacts with the forum state; therefore, Venue is proper in the Southern District of Alabama, as Alabama has personal jurisdiction." Doc. 32 at 2; Doc. 47 at 2. Plaintiff further argues that he does not have any connections with California except for the previous temporary employment by the Defendants and it would be inconvenient to litigate the case in California. Doc. 32 at 2; Doc. 47 at 2.

Defendants counter that venue is not proper because the alleged discrimination occurred in California, not Alabama, Defendants do not maintain or administer any employment records in the State of Alabama, and Defendants' principal offices are located in Texas and California, respectively. Docs. 25, 39.

Defendants are correct. Plaintiff brings a Title VII employment discrimination claim. While Plaintiff also brings claims under 42 U.S.C. § 1981 and the Age Discrimination in Employment Act ("ADEA"), when a Title VII claim is asserted, "the more general provisions of § 1391 are not controlling in such cases." *Pinson*, 192 F. App'x at 817 ("[B]ecause Title VII claims are governed by § 2000e-5(f)(3), and these venue provisions set forth the exclusive venues for Title VII claims, the proper venue for Pinson's other claims is irrelevant to this inquiry.").

Plaintiff states that the alleged discrimination occurred in Contra Costa County, California. Doc. 11. at 2, Doc. 32 at 2. Plaintiff does not allege, and the facts do not show, that the employment records relevant to this case are maintained in the Southern District of Alabama. Had the alleged unlawful employment practice not occurred, Plaintiff would have continued working in Contra Costa, California. *See* Doc. 11 at 4. Finally, Defendants' principal places of business are in Texas and California, respectively. Docs. 25, 39.

The Court does not address this issue of whether Phillips and Ancon purposely availed themselves to Alabama because the Title VII venue provision supersedes the more general § 1391, and purposeful availment is irrelevant to the inquiry under the Title VII venue provision. *Pinson*, 192 F. App'x at 817. Thus, venue is improper in the Southern District of Alabama for the Title VII claims, which controls the whole action.

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The alleged discrimination occurred in Contra Costa County, California, thus, this action could have been brought in the Northern District of California. The interests of justice generally require transferring an action brought in an improper venue instead of dismissing it. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962). While a dismissal pursuant to improper venue is a dismissal without prejudice,[2] in the present case dismissal would functionally act as a dismissal with prejudice based on the timeline to file a lawsuit as set out in the Equal Employment Opportunity Commission right to sue letter. *See* Doc. 1-2. Accordingly,

---

[2] *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

rather than dismiss this matter, the Count finds it in the interest of justice to transfer this matter to a proper venue.

**C.     Failure to State a Claim**

As this Court has already determined that a transfer of venue is appropriate, the ruling on the 12(b)(6) motion to dismiss is appropriately deferred for the consideration by the Northern District of California.

### IV.     CONCLUSION

Accordingly, the motions to dismiss (Docs. 25, 39) are **DENIED** to the extent they seek dismissal for improper venue; but as venue in the Southern District of Alabama is improper, the Court will exercise its discretion and transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  The Clerk of Court is **DIRECTED** to effectuate the **TRANSFER** of this case to the appropriate division of the United States District Court for the Northern District of California.

The remaining part of Ancon's motion to dismiss (Doc. 39) brought under Fed. R. Civ. P. 12(b)(6) shall remain pending for adjudication in the Northern District of California.

**DONE** and **ORDERED** this 18th day of January, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE